### FRERE & AL. vs. FRERE & AL.

An inventory made in the absence of the under-tutor, is incorrectly made.

An estimation of property in a marriage contract, previous to the passage of the civil code, operated as a sale.

APPEAL from the court of the seventh district.

MARTIN J. delivered the opinion of the court. The plaintiffs seek to avoid the inventory and settlement made by the parish judge of the estate of their mother, because their under-tutor was not present at the inventory, and, because the property which she brought in marriage was not divided among them in kind, but was considered as having been vested in her husband.

On the first point there is not any doubt that the law requires the presence of the under-tutor at the inventory. In this part of the proceedings the interest of the minors are diametrically opposed to that of the tutor. The in-

ventory is to charge the latter, and to be evidence of the nature and value of every article, which constitutes the entire part of the estate with which he is chargeable. He, therefore, has an interest to diminish the number and value of the different articles for which he has to be accountable to the minors : they have an interest that nothing be therein omitted, and that every article be placed therein at its real value. But the necessity of the presence of the under-tutor, does not result merely from the idea that may be entertained, of the interests of the tutor and minors. The law expressly demands his presence at the inventory—*Civil code*, 68, *art.* 54.

The marriage contract, in this case, took place before the passage of the civil code. Its effect and construction, is therefore to be sought in the Spanish law.

The alienation of the property brought in, is presumed to have been intended, in case of doubt, with the view of vesting the property in the husband—6 *Martin*, 659, *Jordan* vs. *Williams & al.*

But, on examining the contract, it does not appear to us that the intention of the parties is doubtful.

West'nDistrict
*Aug.* 1823.

FRERE & AL.
*vs.*
FRERE & AL.

The different articles of property are valued severally ; their amount is added, and is stated to be 12174 dollars, and this sum is stated to constitute the rights and claim of the future wife.   It is this sum, then, for which the husband, at the dissolution of the marriage, is to account.

But it is urged that there is a proviso, by which, on the death of the wife, *without issue from the marriage*, her heirs were to receive the dotal property in kind, except such part of it as the husband might have sold, which was to be accounted for at the price of the estimation.

Hence it was contended that, on her death with issue from the marriage, the same consequence was to follow.   This cannot be, *expressio unius est exclusio alterius*   It is clear, from the expressions of the will, that a sale of part, nay of the whole of the dotal estate was contemplated, hence provision was made for the case of its happening.

We conclude that the inventory was incorrectly done, in the absence of the under-tutor, but that there was no error in allowing the plaintiffs their portion of the dotal estate, according to its valuation,

West'n District
*Aug.* 1823.

FRERE & AL.
*vs.*
FRERE & AL.

It is urged that the presence of the under-tutor, at the settlement, does not sufficiently appear from the proceedings, which mention it, and that it ought to appear from his signature.

As the proceedings must be set aside, on account of his absence from the inventory, it is useless to examine this last objection.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and the inventory and proceedings be avoided and set aside, and the judge of probate be directed to proceed according to law; the costs of both courts to be borne by the defendants and appellees.

*Simon* for plaintiffs, *Robin* for defendant.

NOTE.—Porter J. did not join in this opinion, having been consulted on the case, while at the bar.